**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **JAMES McDOWELL,**<br>**a.k.a. SISA BUTU,** | : | |
| | : | |
| **Petitioner** | : | **Civil No. 21-18468 (JKS)** |
| | : | |
| **v.** | : | **OPINION** |
| | : | |
| **ROBERT CHETIRKIN, et al.,** | : | |
| | : | |
| **Respondents** | : | |

**SEMPER, District Judge**

  This matter comes before the Court upon the petition for writ of habeas corpus under 28 U.S.C. § 2254, originally filed *pro se* by Petitioner James McDowell, a.k.a. Sisa Butu ("Petitioner"), a prisoner confined in East Jersey State Prison in Rahway, New Jersey. ("Petition" ECF No. 1.) Petitioner raised one ground for habeas relief, later supplemented by his retained counsel to include his underlying Sixth Amendment right to counsel of choice claim:[1]

> THE STATE COURT'S RULING THAT PETITIONER WAS NOT DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY FAILURE TO RAISE THE CLAIM THAT PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT [TO] COUNSEL OF HIS CHOICE WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AND AN UNREASONABLE APPLICATION OF FEDERAL LAW THEREFORE THE WRIT SHOULD ISSUE.

(ECF No. 1 at 24.)[2]

---

[1] *See* Brief and Supplemental Appendix in Support of Petition for Writ of Habeas Corpus ("Suppl. to Petition"), ECF No. 16.

[2] Page citations are to the page numbers assigned on the docket entries by the Court's Case

## I.    <u>PROCEDURAL HISTORY</u>

Respondents filed an answer in opposition to habeas relief on the merits of the claim in the original petition.  ("Answer" ECF No. 5 at 7-21.)  Respondents did not dispute that the original habeas claim, ineffective assistance of appellate counsel for failing to raise the counsel-of-choice claim on direct appeal, was exhausted as required under 28 U.S.C. § 2254(b)(1)(A).  *See generally* Answer.[3]  After the answer was filed, Petitioner obtained counsel, Alan Dexter Bowman, Esq. and Bernard K. Freamon, Esq. (Substitution of Counsel, ECF No. 6), who submitted a reply brief in support of the original petition.  ("Petitioner's Reply Br." ECF No. 10.)  On October 24, 2022, Harvey Weissbard, Esq. filed a notice of appearance on behalf of Petitioner.  ("Not. of Appearance" ECF No. 13.)  The Court granted Weissbard's request to file a supplemental brief in support of the petition (Order, ECF No. 15); *see supra* n. 1.  Respondents filed a supplemental answer ("Suppl. Answer" ECF No. 17), and Petitioner filed a reply brief in support of the supplement to his petition.  ("Reply Br. to Suppl. Answer" ECF No. 18.)  This matter was reassigned to the undersigned on December 29, 2023.  (Text Order, ECF No. 21.)

Petitioner's supplemental brief to the petition contained one argument, that Petitioner was deprived of his constitutional right to counsel of his choice at trial ("counsel-of-choice claim"), a claim with a legally distinct analysis from the claim in the original petition, that appellate counsel

---

Management and Electronic Case Filing System ("CM/ECF").

[3] Petitioner raised the same ineffective assistance of appellate counsel claim in his petition for post-conviction relief ("PCR"), in his PCR appeal brief, and in his petition for certification to the New Jersey Supreme Court on PCR review.  Petitioner's PCR Brief, ECF No. 5-2 at 23; Petitioner's PCR Appeal Brief, ECF No. 5-1 at 13; and Petition for Certification, ECF No. 5-6 at 7.  Point I of the Petition for Certification on PCR review submitted that "Defendant was wrongly denied his counsel of choice, constituting a structural error requiring no demonstration of prejudice, and the failure to advance that claim on direct appeal constituted ineffective assistance of appellate counsel."  *Id.* at 2.

provided ineffective assistance by failing to raise the counsel-of-choice claim on direct appeal.

Pertinent here, 28 U.S.C. § 2254(b) contains an exhaustion of state remedies requirement:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement is based on the principle that "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Id.* at 731.

With exhaustion of state remedies in mind, the Court ordered the parties to submit supplemental briefing: (1) to determine whether Petitioner is pursuing his ineffective assistance of appellate counsel claim or whether he wishes to proceed solely on his deprivation of his Sixth Amendment counsel-of-choice claim raised in his supplemental brief to the petition; (2) if pursuing

3

his ineffective assistance of appellate counsel claim, to submit a brief in support of the claim; and/or (3) to provide a supplemental brief on the issue of procedural default of his counsel-of-choice claim and to address cause and prejudice to excuse procedural default.  (Order, ECF No. 24.)  Counsel for the parties submitted supplemental briefing ("Petr's Suppl. Letter Br." ECF No. 25); ("Respondents' Suppl. Br." ECF No. 27); ("Petr's Suppl. Reply Br." ECF No. 28) and Petitioner submitted three *pro se* letters  (Pro Se Suppl. Letters, ECF Nos. 29, 30, 31), and a *pro se* brief in support of his petition  ("Pro Se Brief and Suppl. Appx." ECF No. 32.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1.  For the reasons discussed below, the Court will dismiss the petition as procedurally defaulted, alternatively deny the petition on the merits and deny a certificate of appealability.

## II.    <u>BACKGROUND</u>

On December 29, 2010, Petitioner was indicted in the New Jersey Superior Court Bergen County Indictment #10-12-0202261-I on fifteen counts including kidnapping, weapons charges, terroristic threats, sexual assault and attempted sexual assault.  (Indictment, ECF No. 5-2 at 169-74.)  The following pretrial proceedings are pertinent to Petitioner's habeas claim.

### A.    **Pretrial Proceedings**

On February 4, 2013, Petitioner's privately-retained trial counsel, Nancy E. Lucianna, Esq., filed a notice of motion to be relieved as counsel, alleging a complete breakdown of the attorney-client relationship based, in part, on comments Petitioner made to her during trial preparation on February 2, 2013.  (Not. of Mot., ECF No. 5-2 at 6-7.)  The Honorable Liliana Deavile-Silebi, J.S.C. ("Judge Silebi") held a hearing on Lucianna's motion on February 11, 2013.  (Hearing Tr. Feb. 11, 2013, ECF No. 5-2 at 9-14.)  Petitioner explained that he had a disagreement about his case with counsel, and she asked him to find another attorney.  (*Id.* at 12.)  Petitioner asked his

attorney to remain on the case, but he told the Court, "[i]f she doesn't want to defend me, then what can I say?" (*Id.*) Judge Silebi had a discussion with Petitioner's counsel at sidebar and then granted counsel's motion to withdraw from the case, based on a conflict of interest. (*Id.*) Rather than applying for a Public Defender, Petitioner chose to retain a new attorney by the deadline of February 25, 2013. (*Id.* at 12-13.)

Petitioner retained counsel, Adolph J. Gallucio, Esq. *State v. McDowell*, A-001035-19, Amended (Mar. 5, 2020) ("PCR Opinion"), ECF No. 5-2 at 132. After pretrial proceedings, Judge Silebi set a firm trial date of June 23, 2014. *Id.* Petitioner had an irreconcilable difference with Attorney Gallucio. *Id.* On March 6, 2014, at Petitioner's behest, Thomas Ashley, Esq. filed a motion for an adjournment of trial until September 2014, to accommodate his schedule and permit his substitution as Petitioner's trial counsel. *Id.* On March 14, 2014, Judge Silebi denied the motion without oral argument. *Id.* Attorney Gallucio requested reconsideration, and Judge Silebi granted an oral argument. *Id.* At oral argument on April 11, 2014, the State did not object to Petitioner's motion for substitution of counsel and request for adjournment of trial until September 2014. *Id.* Judge Silebi, however, denied the motion because this was Petitioner's second substitution of counsel, having already been represented by two of the most knowledgeable and respected attorneys in the relevant area of law. *Id.* Judge Silebi also noted on the record that she and Attorney Gallucio agreed a bench trial would be best for Petitioner, but Petitioner insisted on a jury trial. *Id.* at 132-33. Attorney Gallucio implored Judge Silebi to grant the adjournment for substitution of counsel, but she denied it. *Id.* at 133.

## B.    Interlocutory Appeal

According to the PCR court's findings of facts, on April 30, 2014, the Appellate Division granted Petitioner's motion for interlocutory review and summarily affirmed Judge Silebi's denial

5

of Petitioner's request for adjournment to accommodate the substitution of counsel of his choice. (ECF No. 5-2 at 133.)  At that time, Ashley advised Petitioner that he had two options:  (1) appeal to the New Jersey Supreme Court, which might take a considerable amount of time that could otherwise be used to prepare for trial or (2) find a different attorney who could immediately begin trial preparation, which was Ashley's recommended course of action.  *Id.* at 134.  Petitioner followed Ashley's recommendation and Ashley recommended attorneys.  *Id.*  Petitioner chose Michael A. Robbins, Esq. to represent him at trial.  *Id.*

### C.    Conviction and Sentence

After trial by jury, Petitioner was convicted on Count 1, false imprisonment; Count 2, possession of weapon for unlawful purposes; Count 3, terroristic threats; Count 5, aggravated sexual assault; Counts 6 and 9, second degree sexual assault; and Counts 12 and 15, criminal attempt, sexual assault.  (Amended Judgment of Conviction, ECF No. 5-2 at 165-68.)  Petitioner was found not guilty on the remaining counts.  (*Id.* at 165.)  The Honorable James J. Guida, J.S.C. sentenced Petitioner to an aggregate 28-year term of imprisonment, subject to the No Early Release Act.  (*Id.*)

### D.    Direct Appeal

Petitioner, represented by the firm of Krovatin Klingeman, LLC, filed a direct appeal raising two claims, one challenging the questions used in jury selection and the other challenging the length of sentence imposed.  ("App. Div. Opinion, Jan. 27, 2017" ECF No. 5-2 at 75-85.)  The Appellate Division affirmed the conviction and sentence but remanded for a correction on the Judgment of Conviction.  (*Id.*)

### E.    Post-Conviction Proceeding

Petitioner raised the following arguments in his petition for post-conviction relief ("PCR Petition"):  (1) appellate counsel failed to raise the issue of Judge Silebi's denial of an adjournment to permit Petitioner to substitute Attorney Ashley as his counsel; (2) appellate counsel failed to raise the issue that Petitioner was denied the right to counsel of his choice after Judge Silebi had *ex parte* conversations with Attorneys Lucianna and Gallucio; (3) appellate counsel failed to raise the issue of denial of the suppression motion; and (4) appellate counsel failed to raise the issue of the introduction of hearsay evidence.  (PCR Opinion, ECF No. 5-2 at 138-39.)

Relevant here, Petitioner argued "appellant counsel misstated the law that this issue [his counsel-of-choice claim] could not be raised again on direct appeal and, had it been raised, petitioner further argues the post-conviction appellate panel would likely have decided in petitioner's favor, vacating the judgment of conviction, and ordering a new trial." (*Id.* at 145.)  The PCR Court, however, held that the "law of the case" doctrine would have precluded the Appellate Division from reconsidering the denial of interlocutory relief on the same issue.  (*Id.* at 147.) Furthermore, the PCR court held that Petitioner's "appeal rights were preserved, either by a motion for a stay of the trial and interlocutory review by the Supreme Court, or by petition for certification to the Supreme Court after the disposition of the post-trial appellate review." (*Id.* at 147-48.)

Petitioner further argued that "he was denied the effective assistance of counsel since his appellate counsel failed to raise the issue that Ms. Lucianna and Mr. Galluccio engaged in *ex parte* communications with Judge Silebi which deprived him of his constitutional right to have the attorney of his choosing represent him at the trial" an issue not raised before the interlocutory panel, and thus, not subject to the law of the case doctrine.  (*Id.* at 148.)  The PCR court held:

> Petitioner's argument that Judge Silebi should not have entertained
> a sidebar conference with Ms. Lucianna during the hearing on her

motion to be relieved of counsel does have merit. Ms. Lucianna filed a certification in support of the motion to be relieved of counsel setting forth the reasons why the motion should be granted. If additional information was to be presented to

the court that contained sensitive or privileged information, the better practice would have been for a supplemental certification to be submitted to the court for an *in camera* review, with a copy given to petitioner only; or for the court to have ordered the record sealed and considered the information on the record, in the presence of petitioner and Ms. Lucianna, but outside the presence of the assistant prosecutor or any member of the public. Nevertheless, relieving Ms. Lucianna from representing petitioner was not tantamount to denying him the attorney of his choosing, but instead, was the result of a conflict of interest which the court found existed between attorney and client.

Judge Silebi's comment on the record with Mr. Galluccio that petitioner has "already gone through two of the most respected [attorneys] knowledgeable in criminal law ... and reached the pinnacle when it comes to choosing attorneys" was arguably not grounds for denying him the right to seek the counsel of his choice to represent him at the trial, namely Mr. Ashley.

Petitioner certainly did not agree to waive his right to a jury trial and Mr. Galluccio confirmed that petitioner's desire to retain Mr. Ashley was not a delay tactic. Nevertheless, Judge Silebi denied petitioner's request and the Appellate Division subsequently affirmed the denial.

Although the interlocutory opinion affirming that denial did not specifically mention Judge Silebi's colloquy regarding petitioner's right to counsel of his choice, that issue was definitively before the interlocutory panel. The appellate panel did have the full transcript of the hearing and Mr. Ashley's brief in support of the motion citing *United States v. Gonzalez-Lope[z]*, among other pertinent cases, for the proposition that Judge Silebi's denial was a "complete deprivation" of petitioner's right to counsel of his choosing.

Notwithstanding Mr. Ashley's arguments, the appellate panel affirmed Judge Silebi's denial of substitution of counsel, applying the Kates[4] standard to determine that petitioner was not deprived of his constitutional right to counsel. Again, if petitioner believed the interlocutory panel erred in its analysis, the appropriate relief was

---

[4] *State v. Kates*, 42 A.3d 929 (N.J. Super. Ct. App. Div. 2012), *aff'd*, 81 A. 3rd 662 (N.J. 2014). (applying the U.S. Supreme Court's standard for Sixth Amendment counsel-of-choice claim).

either by requesting a stay of the trial and interlocutory relief before the Supreme Court, or by requesting certification to the Supreme Court after the Appellate Division affirmed the conviction. However, since the issue was presented to and decided by the interlocutory panel, it constituted the "law of the case" and could not be relitigated by the post-conviction panel.

(*Id.* at 149-50.)

### F.     PCR Appeal

Petitioner appealed the PCR court's decision.  (*Id.* at 157-59.)  Pertinent here, Petitioner alleged his appellate counsel on direct appeal provided ineffective assistance by failing to raise the claim that Petitioner was denied his right to counsel of his choice at trial.  *State v. McDowell*, Docket No. A-1035-19T2 (App. Div. Jan. 15, 2021) ("PCR Appeal Opinion") (ECF No. 5-5 at 1-11.)

The Appellate Division made the following findings of fact on PCR review:[5]

On this appeal, defendant raises only one argument: he contends that his prior appellate counsel was ineffective in failing to raise the denial of his right to choose trial counsel. To place that issue in context, we briefly summarize the relevant procedural history.

In December 2010 defendant was indicted for the crimes related to the sexual assaults. He was initially represented by Nancy Lucianna, an attorney he had hired.

In February 2013, after Lucianna had represented defendant for several years, she moved to be relieved as defendant's counsel. Lucianna certified that there had been "a complete breakdown of the attorney-client relationship" that made "it impossible for her to represent defendant." The trial court heard oral argument on that motion and during that argument the court had a brief off-the-

---

[5] In a habeas proceeding under 28 U.S.C. § 2254 "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). The habeas standard of review requires deference to the highest reasoned state court decision.  *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018) (citation modified) ("the federal court should look through the unexplained decision to the last related state-court decision that does provide a relevant rationale.")

record sidebar discussion with Lucianna. In February 2013, the trial court entered an order relieving Lucianna as counsel and granting defendant time to retain new counsel.

Defendant then hired Adolph J. Galluccio to represent him. In February 2014, the trial court scheduled June 23, 2014, as the "firm" trial date.

Sometime in early 2014, the relationship between defendant and Galluccio broke down. Accordingly, defendant contacted Thomas Ashley, Esq. and asked him to represent him. In March 2014, Ashley moved to substitute in as new trial counsel for defendant. In support of that motion, Ashley certified that defendant had informed him that he and Galluccio "had irreconcilable   conflicts[.]" Ashley, however, was not available to try the matter  on the scheduled June 23, 2014 trial date because he had other professional commitments. Consequently, Ashley requested the trial court to adjourn the trial date until September 22, 2014, or
later.

The trial court initially denied that motion without oral argument. Following a request for reconsideration, the trial court heard oral argument on April 11, 2014. At that argument, Ashley and Galluccio urged the trial court to grant the extension so that Ashley could represent defendant at trial. The State did not object to that application.[6]

After hearing arguments, the trial court denied the motion. Among other things, the court noted that the case was then in its fourth year, the court had previously adjourned the trial for a year so that Galluccio could come up to speed, and the court had previously set a firm trial date for June 23, 2014. The trial court then stated that defendant could either proceed to trial with Galluccio or hire another lawyer who was available to try the case in June 2014.

Defendant, represented by Ashley, moved for leave to appeal the denial of his request to have Ashley substitute in as counsel. On April 30, 2014, a two-judge panel of this court granted leave to appeal and summarily affirmed the trial court's order denying

---

[6] During the April 11, 2014 oral argument, the judge stated that she had previously offered to do a bench trial and both the prosecutor and Galluccio had agreed that a bench trial "would be the best thing in this particular case."  Defendant suggests that because this discussion occurred when he was not present, it was an impermi[ssible] *ex parte* communication.  The record does not establish that contention, nor do we see any relevance of that contention to this appeal.  (ECF No. 5-5 at 5 n. 2.)

> defendant's request to adjourn the trial and have Ashley substituted in as new trial counsel. Reviewing the procedural history, the panel found that defendant had been given a fair opportunity to select counsel of his choice and had not been deprived of his constitutional right to select counsel because the lawyer he wanted to hire was not available for the firmly established trial date. State v. McDowell, No. AN-0451-13 (App. Div. May 1, 2014).
>
> Following that decision, Ashley advised defendant that he had two options: (1) seek further review on leave to appeal to the Supreme Court; or (2) hire another attorney who would be available for the trial in June 2014. Ashley recommended that defendant proceed with the second option. Defendant followed Ashley's recommendation and retained Michael Robbins, Esq. Robbins then represented defendant at trial, which commenced on June 25, 2014.

(ECF No. 5-5 at 4-7.)

The Appellate Division reviewed the PCR claim *de novo* under the ineffective assistance of counsel standard announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and affirmed the PCR court as follows:

> On direct appeal, defendant could not have asked this court to review the choice-of-counsel issue because we had already rejected that contention . . . In 2014, we granted leave to appeal, reviewed the merits, and summarily affirmed the denial of Ashley's motion to substitute in as counsel for defendant. Defendant did not seek further review of that decision by the Supreme Court. See R, 2:2-5 (requiring a motion for leave to seek review by the Supreme Court). Accordingly, our earlier decision was the law of the case and binding on this court on direct appeal. See State v. Myers, 239 N.J. Super. 158, 164 (App. Div. 1990); State v. Stewart, 196 N.J. Super. 138, 143 (App. Div. 1984); see also Lombardi v. Masso, 207 N.J. 517, 539 (2011) (explaining the parameters of the law of the case doctrine).
>
> Defendant argues that the law of the case doctrine is discretionary, and therefore his prior counsel should have raised the choice-of-counsel argument on direct appeal and argued that this court was not bound by the May 2014 ruling. Defendant also argues that prior counsel should have preserved the issue for appeal to the Supreme Court. We reject these contentions.

11

While the law of the case doctrine is a discretionary rule, that discretion is limited. Lombardi, 207 N.J. at 538-39; State v. Reldan, 100 N.J. 187, 205-07 (1985). The doctrine is based on the policy that once an issue has been litigated and decided, re-litigation should be avoided "in the absence of some new or overriding circumstance." Reldan, 100 N .J. at 204 (quoting State v. Hoffler, 389 A.2d 1257, 1262 (Conn. 1978)). Overriding circumstances include new material evidence, new controlling authority, or a compelling showing that the prior decision was clearly erroneous. L.T. v. F.M., 438 N.J. Super. 76, 88 (App. Div. 2014); see also Sisler v. Gannett Co., 222 N.J. Super. 153, 160 (App. Div. 1987) (explaining that when the law of the case doctrine "is applied to a prior appellate decision in the same case, the doctrine is more stringent.").

Defendant has not contended that there was any new evidence, new controlling authority, or some other overriding circumstance. Instead, defendant seeks to argue that the 2014 affirmance was erroneous. Significantly, he has made no showing that the prior ruling was clearly erroneous. See State v. Kates, 216 N.J. 393, 396 (2014) (citations omitted) (explaining that "a defendant's right to counsel of choice 'is not absolute' and that the right can be balanced against other considerations, including the demands of the trial court's calendar).

The trial judge carefully considered defendant's request to retain his third counsel of choice. The judge noted that the case was in its fourth year, the court had previously granted defendant's first counsel's request to be relieved, the court had delayed an earlier trial date to allow defendant's second counsel to get up to speed, and the court had previously established a firm new trial date but Ashley was not available on that date. Those considerations were all legitimate and were not arbitrary. Consequently, on appellate review, two of our colleagues concluded that the trial court had not erred. That prior ruling is not clearly erroneous and was binding on this court both on direct appeal and on this appeal. See Myers, 239 N.J. Super. at 164; Stewart, 196 N.J. Super. at 143.

Moreover, because our precedent is clear that we normally do not allow reconsideration of an issue that has been decided on an interlocutory appeal, defendant's prior appellate counsel did not fall below an objectively reasonable standard in deciding not to tilt against that windmill on direct appeal. *Strickland*, 466 U.S. at 688 (counsel's representation must fall below "an objective standard of reasonableness").

(ECF No. 5-5 at 7-11.)

III.    **DISCUSSION**

A.    **The Pleadings**

Petitioner raised one ground for relief in his original habeas petition, that he was deprived of his Sixth Amendment right to effective assistance of appellate counsel because counsel failed to raise the claim that Petitioner was denied his constitutional right to counsel of his choice.  (ECF No. 1 at 24.)  Petitioner asserts he exhausted this claim in his PCR proceedings.  *Id.* ¶¶ 1, 27. Respondents filed an answer to the petition, opposing habeas relief on the merits of the claim. (Answer, ECF No. 5 at 7-24.)  Petitioner then obtained counsel, and the Court granted Petitioner's unopposed request to file a supplemental brief in support of the petition.  ("Suppl. Brief in Supp. of Petition" ECF No. 16.)  Petitioner, through counsel, raised one argument in his supplemental brief, "Petitioner was unmistakenly deprived of his Sixth Amendment right to counsel of his choice.  The State Court's rejection of his claim was objectively unreasonable and contrary to clearly established federal law."  (*Id.* at 24.)   Respondents filed a supplemental answer in opposition to relief on the merits of that claim.  ("Suppl. Answer" ECF No. 17.)  Petitioner filed a reply brief.  ("Reply Brief" ECF No. 18.)

After the case was reassigned to the undersigned, the Court sought clarification on whether Petitioner was proceeding on his original ineffective assistance of appellate counsel claim or whether he was proceeding on the underlying trial court error claim raised in his supplemental brief in support of his petition.  (Text Order, ECF No. 24.)  If pursuing his underlying trial court error claim, the Court directed Petitioner to brief the issues of procedural default and cause and prejudice.  (*Id.*)  Petitioner responded that he is proceeding solely on his  counsel-of-choice claim, and that it is not procedurally defaulted because the claim was exhausted in the PCR proceedings. ("Petr's Letter Brief" ECF No. 25.)

Respondents filed a letter in response, asserting that Petitioner's counsel-of-choice claim is unexhausted and procedurally defaulted. ("Response" ECF No. 27.) Respondents contend Petitioner failed to exhaust this claim because he did not file a petition for certification in the New Jersey Supreme Court to challenge the Appellate Division's denial of his interlocutory appeal. (*Id.* at 3.) Respondents also argue that the claim was not exhausted by raising an ineffective assistance of appellate counsel claim in the PCR court. (*Id.* at 4.) Respondents maintain that the counsel-of-choice claim is procedurally defaulted because it is too late to file a second or subsequent PCR petition. (*Id.* at 5-8.) Finally, Respondents reject Petitioner's claim that the structural error caused by denial of his right to counsel-of-choice serves as cause and prejudice to excuse procedural default. (*Id.* at 9.)

Petitioner's counsel filed a sur-reply letter. ("Sur-Reply" ECF No. 28.) Counsel asserts there is no dispute that Petitioner exhausted the counsel-of-choice claim in his PCR proceedings, and the counsel-of-choice claim was "only linked with" the ineffective assistance claim to establish why it was not raised on direct appeal. (*Id.* at 2.) Counsel contends the supplemental brief in support of Petitioner's habeas petition should be treated as a supplemental habeas petition raising the counsel-of-choice claim. (*Id.* at 4.) Petitioner submitted several *pro se* letters, an affidavit, and an appendix with exhibits in support of his claim. (ECF Nos. 29-32.)

### B.    Exhaustion and Procedural Default

#### 1.    Standard of Law

"[B]efore a federal court may consider the merits of a § 2254 habeas petition, an inmate ordinarily must exhaust the state-court remedies for the claimed violation of federal law." *Ross v. Adm'r E. Jersey State Prison*, 118 F.4th 553, 562 (3d Cir. 2024); 28 U.S.C. § 2254(b)(1)(A) (exhaustion requirement); *id.* § 2254(b)(1)(B)(exceptions to exhaustion requirement).

Unexhausted claims or claims that are deemed exhausted by procedural default may be rejected by the habeas court without consideration of the merits of the claims. *Ross*, 118 F.4th at 562. The exhaustion of state court remedies requirement is satisfied by notifying "the state courts of the factual and legal substance of his claim in a manner that puts them on notice that a federal claim is being asserted." *Id.* at 564 (citation modified). "Both the *legal theory* and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available to the state court as will be employed in the federal court." *Evans v. Ct. of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992) (emphasis added). Furthermore, the claim must be presented to the trial court, the intermediate court, and the state's supreme court. *Ross*, 118 F.4th at 564.

A claim may be deemed exhausted when the petitioner no longer has a right under state law to litigate the claim in state court. *Id.* When a claim is deemed exhausted for this reason, it may be subject to dismissal on procedural default grounds. *Id.* at 565. "A procedural default occurs when a state-court rule of procedure prevents additional consideration of the claim in state court on grounds that are both adequate for the court's decision and independent of the merits of the federal claim, such as when a claim has been waived or is time-barred." *Id.* In the ordinary case, a claim is procedurally defaulted when the state court decision plainly states that its ruling rests on an independent and adequate state law ground. *Id.* Additionally, "where the claim is deemed exhausted only by resort to procedural default" it is not "an affirmative defense because it serves a basis for saving a claim from dismissal on exhaustion grounds, and it is a petitioner's burden at all stages to demonstrate exhaustion." *Id.* at 565, n. 4.

A habeas petitioner may overcome procedural default and obtain habeas review of his claims by showing "cause for the default and actual prejudice as a result of the underlying violation

15

of federal law." *Id.* at 565. A petitioner establishes "cause" by "an objective reason that prevented him from complying with the procedural rule." *Id.* at 566. A showing of prejudice to excuse procedural default "for a claim alleging ineffective assistance of counsel mirrors the standard of prejudice for the underlying ineffective-assistance-of-counsel claim." *Id.* A showing of both cause and prejudice is required to excuse a procedural default. *Id.*

When the cause and prejudice asserted involve an ineffective assistance of counsel claim, "the two-pronged, performance-and-prejudice framework articulated in *Strickland v. Washington*, 466 U.S. 668, (1984)" typically governs. *Id.* "To satisfy the *Strickland* prejudice prong requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation modified). *See also Farmer v. Wilson*, 248 F. App'x 291, 294 (3d Cir. 2007) (stating counsel's failure to preserve a claim in state court may establish cause under the exception to procedural default but counsel's "assistance must have been so ineffective as to violate the Federal Constitution.") A habeas petitioner may also excuse a procedural default by establishing an actual-innocence claim . . . if a petitioner can (1) present new reliable evidence that (2) persuades a court that more likely than not ... no reasonable juror would have convicted him." *Johnson v. Mahanoy*, 144 F.4th 178, 191 (3d Cir. 2025) (citation modified).[7]

## 2. Analysis

Petitioner contends the trial court deprived him of his Sixth Amendment right to counsel of his choice and the remedy should be a new trial. "[A]n element of" the Sixth Amendment right to counsel "is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). Petitioner raised the counsel-of-choice claim in his pretrial interlocutory appeal, and a panel of the Appellate Division

---

[7] Petitioner does not present an actual innocence claim to excuse procedural default.

denied his claim based on the wide-latitude afforded trial courts to manage their calendars, the four year-old indictment, and that it was Petitioner's second substitution of counsel near the trial date. ("Interlocutory Decision" ECF No. 5-2 at 67-70).  The Appellate Division, on PCR review, cited to the New Jersey Appellate Court rules, specifically, N.J. R.A.R. 2:2-5, which provides that "[a] judgment of the Appellate Division on an appeal to it from an interlocutory order, decision or action shall be deemed to be interlocutory and not reviewable by the Supreme Court as a final judgment, unless the judgment of the Appellate Division is dispositive of the action.")  Relevant here, "[u]nder the law of the case doctrine, an interlocutory ruling by the Appellate Division generally is not subject to review on direct appeal" in cases where the doctrine served the goal of "avoidance of relitigation of a previously resolved issue." *Lombardi v. Masso*, 539, 25 A.3d 1080, 1092 (2011).  Therefore, direct appeal of the counsel-of-choice claim was unavailable to appellate counsel, first, because the Appellate Division's interlocutory decision was not dispositive of the action, and second, because the law of the case doctrine barred relitigation of the claim.

Petitioner's avenue to exhaust his state court remedies was to file a pretrial motion for leave to seek review of the interlocutory Appellate Division decision in the New Jersey Supreme Court. (ECF No. 5-5 at 9.)  "Appeals may be taken to the Supreme Court by its leave from interlocutory orders: (a) Of the Appellate Division when necessary to prevent irreparable injury; or (b) On certification by the Supreme Court to the Appellate Division pursuant to R. 2:12-1."  N.J. R.A.R 2:2-2.  This procedure was available to Petitioner, but he chose instead to proceed with alternate trial counsel recommended to him by Ashley.  (*Id.* at 6-7.)  Therefore, the counsel-of-choice claim was not exhausted through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding habeas exhaustion requires a petitioner to raise his federal claim through one complete round of the State's established appellate

review process). "If someone convicted in state court has not exhausted his state-law remedies, then ordinarily, federal courts cannot consider his habeas petition." *Johnson*, 144 F.4th at 184.

In the PCR court, Petitioner asserted his appellate counsel provided ineffective assistance by failing to raise the underlying claim of trial court error, denial of his counsel of choice. In this context, the Appellate Division on PCR review held that the law of the case doctrine, although discretionary, precluded further review by the Appellate Division in the absence of "new evidence, new controlling authority, or some other overriding circumstance" which was absent in Petitioner's challenge to the Appellate Division's denial of his interlocutory appeal. (ECF No. 5-5 at 9-10.) The Appellate Division on PCR review plainly stated that the underlying counsel-of-choice claim was procedurally barred from review by the law of case doctrine. (*Id.* at 8-11.) "[I]f a state court decides that a petitioner's path through state court is blocked by a procedural bar . . . his claim is deemed procedurally defaulted." *Johnson*, 144 F.4th at 184. Although not pressed by Petitioner's counsel here, who instead erroneously argues that the underlying counsel-of-choice claim was *exhausted* through the ineffective assistance of appellate counsel claim in the PCR proceedings, the Court will analyze whether Petitioner's ineffective assistance of appellate counsel claim instead *constituted cause and prejudice* to excuse procedural default of the underlying counsel-of-choice claim.

To establish cause to excuse procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Shinn v. Ramirez*, 596 U.S. 366, 379 (2022). It was Petitioner's trial counsel, Ashley, not appellate counsel, who represented Petitioner when the interlocutory appeal was denied. New Jersey's law of the case doctrine limited review of the Appellate Division's denial of Petitioner's interlocutory appeal to a motion for leave to appeal in the New Jersey Supreme

Court.  Ashley outlined Petitioner's choices when his interlocutory appeal was unsuccessful, Petitioner could seek leave to appeal to the New Jersey Supreme Court, which would cut into his trial preparation time, or he could obtain counsel who was available for trial in June 2014.  (ECF No. 5-5 at 7.)  Petitioner obtained alternate trial counsel of his choice, one of several attorneys recommended by Ashley.  (*Id.*)

In the PCR court, Petitioner failed to allege Ashley provided ineffective assistance by failing to preserve his counsel-of-choice claim for habeas review.  Such a claim, had it been raised, would have permitted this Court *to consider* whether cause and prejudice excused Petitioner's procedural default.  The ineffective assistance of trial counsel claim is now time-barred.[8] Moreover, because the PCR court held the law of the case doctrine precluded the Appellate Division from reconsidering the panel's decision on interlocutory appeal, Petitioner has not established his direct appeal counsel provided ineffective assistance of counsel by not raising a procedurally barred claim.  *See Lines v. Larkin*, 208 F.3d 153, 167 (3d Cir. 2000) (finding appellate attorney could not be faulted for failing to appeal claims that were barred because they never decided by the Superior Court.)  Therefore, the Court will deny the habeas petition, as supplemented, because the claim presented is procedurally defaulted and the default is not excused.

---

[8] N.J. Ct. R. 3:22-4 provides, in relevant part "(b) Second or Subsequent Petition for Post-Conviction Relief. A second or subsequent petition for post-conviction relief shall be dismissed unless: (1) it is timely under R. 3:22-12(a)(2)[.]"  Applicable here because Petitioner does not rely on a newly recognized Constitutional right or newly discovered factual predicate for relief: "[n]otwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of: . . . (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged."  N.J. Ct. R. 3:22-12(a)(2)(C).  Petitioner's first PCR petition was denied on October 1, 2019.  (PCR Opinion, ECF No. 5-2 at 130.

For the sake of completeness, the Court will, in the alternative, review the merits of Petitioner's counsel-of-choice claim.

### 3.    Alternative Review on the Merits

Assuming, in the alternative, that procedural default of Petitioner's counsel-of-choice claim was excused by cause and prejudice, Petitioner's claim fails on the merits.[9]   The Sixth Amendment right to counsel includes the right to "be represented by one's preferred attorney" but "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."   *Wheat v. United States*, 486 U.S. 153, 159 (1988).   Therefore, "[t]he Sixth Amendment right to choose one's own counsel" is limited.   *Id.*   The Supreme Court, thus, has "recognized a trial court's wide latitude in balancing the right to counsel of choice . . . against [among other things] the demands of its calendar."   *Gonzalez-Lopez*, 548 U.S. at 152 (citing *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)).   In *Morris v. Slappy*, the Court held "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel."   461 U.S. at 11-12 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

The trial court did not abuse its broad discretion by denying a continuance of the trial for Petitioner to substitute Ashley for trial counsel.   Petitioner's case was pending for four years at the time Petitioner requested a continuance of trial to substitute counsel for Ashley, who was unavailable for the firm trial date set by the Court.   (ECF No. 5-5 at 6.)   The trial court denied the continuance but permitted Petitioner to substitute counsel of his choice, limited to an attorney who

---

[9] When a habeas court reviews a habeas claim based on cause and prejudice to excuse procedural default "there are no state findings to defer to."   *Johnson*, 144 F.4th at 186.   Therefore, the deferential standard of review prescribed by 28 U.S.C. § 2254(d) is inapplicable.

was available to try the case on the set date. (*Id.*) Rather than filing a petition for certification in the New Jersey Supreme Court to review the trial court's denial of an adjournment for the purpose of substituting Ashley for counsel, Petitioner chose instead to proceed to trial with an attorney recommended by Ashley. (*Id.* at 7.) Under these circumstances, Petitioner was not denied his limited Sixth Amendment right to counsel of his choice by an arbitrary decision of the trial court. Therefore, in the alternative to dismissal of the petition based on procedural default, the Court would deny Petitioner's counsel-of-choice claim on the merits.

## IV.    <u>CERTFICATE OF APPEALABILITY</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. For the reasons discussed above, reasonable jurists would not find dismissal of habeas petition on procedural default grounds or alternatively on the merits of the counsel-of-choice claim debatable or that the issues deserve encouragement to proceed further. Accordingly, no certificate of appealability shall issue.

## V.    <u>CONCLUSION</u>

The counsel-of-choice claim is procedurally defaulted, appellate counsel's failure to raise the counsel-of-choice claim did not constitute deficient performance to establish cause to excuse procedural default because the Appellate Division's interlocutory decision was the law of the case

under New Jersey law, and alternatively, Petitioner's counsel-of-choice claim fails on the merits.

Therefore, the Court will deny the habeas petition, and no certification of appealability shall issue.

An appropriate Order follows.


**Date:  November 19, 2025**

_____/s/ Jamel K. Semper_____
**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**