**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES MCDOWELL,<br><br>*Petitioner*,<br><br>v.<br><br>ROBERT CHETIRKIN, *et al.*,<br><br>*Respondents*. | Civil Action No. 21-18468<br><br>**OPINION AND ORDER**<br><br>July 31, 2026 |

**THIS MATTER** comes before the Court upon Petitioner James McDowell's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). (ECF Nos. 37, 37-1, "Motion" or "Mot.") The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, the Motion is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This habeas matter has been extensively litigated. After Respondents Robert Chetirkin, Administrator of East Jersey State Prison and Andrew J. Bruck, then-Acting Attorney General of the State of New Jersey, filed their Answer, (ECF No. 5), Petitioner filed a reply (ECF No. 10), a supplemental brief in support of the Petition pursuant to the Court's December 14, 2022 Text Order, (ECF Nos. 15, 16), and a reply to Respondents' supplemental answer, (ECF Nos. 17, 18). Thereafter, by Order dated April 16, 2025, this Court directed the parties to submit supplemental

[1] The factual background and procedural history are taken from Petitioner's Motion (ECF 37), the Court's Opinion (ECF 35), and the publicly available docket.

briefing regarding, among other things, whether Petitioner continued to pursue his ineffective-assistance-of-appellate-counsel claim and whether Petitioner's Sixth Amendment counsel-of-choice claim was procedurally defaulted, including whether Petitioner could establish cause and prejudice. (ECF No. 24.) The parties complied. (ECF Nos. 25, 27, 28, 29-33.) After considering the Petition, the supplemental briefing, and the entire state-court record, the Court issued a comprehensive Opinion on November 19, 2025, dismissing the Petition as procedurally defaulted and, alternatively, denying habeas relief on the merits. (ECF Nos. 35, "Opinion" or "Op.", 36.)

## II. LEGAL STANDARD

Rule 59(e) permits a court to alter or amend a judgment only if the moving party establishes "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of Rule 59(e) relief is narrow, and "[s]uch motions are not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *see also Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (holding that a motion for reconsideration is not a vehicle to relitigate old matters or raise arguments previously considered by the court).

## III. DISCUSSION

Petitioner argues that reconsideration is warranted because the Court allegedly committed clear legal error in concluding that his Sixth Amendment counsel-of-choice claim was procedurally defaulted. (ECF No. 37-1 at 4-8.) Specifically, Petitioner contends that the Court incorrectly required him to seek discretionary interlocutory review before the New Jersey Supreme

Court to satisfy § 2254's exhaustion requirement and erred in concluding that he failed to fairly present his counsel-of-choice claim in state court. (*Id.*) Petitioner further argues that the Court's alternative merits analysis conflicts with *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), and *Randolph v. Sec'y P.a. Dep't. of Corr.*, 5 F.4th 362 (3d Cir. 2021). (ECF No. 37-1 at 8-12.)

The Court is not persuaded. Petitioner's Motion identifies neither an intervening change in controlling law nor newly discovered evidence. Rather, it repackages the same legal theories advanced throughout this litigation, including in Petitioner's supplemental brief (ECF No. 16), reply brief (ECF No. 18), supplemental submission filed in response to the Court's April 16, 2025 Order (ECF No. 25), and supplemental reply (ECF No. 28). The Court expressly requested additional briefing regarding procedural default and Petitioner's counsel-of-choice claim (ECF No. 24), received that briefing, and addressed those issues in detail before entering judgment. (ECF No. 35 at 14-22.) Rule 59(e) does not authorize a litigant to relitigate issues the Court has already carefully considered and decided. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

Nor has Petitioner demonstrated that the Court committed a clear error of law. Petitioner's arguments concerning exhaustion, procedural default, and fair presentation are directed at the Court's legal conclusions discussed in the November 19, 2025 Opinion. (*See* Op. at 14-19.) The Motion identifies no controlling authority that the Court overlooked, nor does it demonstrate that the Court's analysis was contrary to clearly established federal law. Instead, Petitioner simply urges the Court to adopt his interpretation of New Jersey appellate procedure and federal exhaustion principles—arguments the Court previously considered and rejected. Mere disagreement with the Court's reasoning is insufficient to warrant relief under Rule 59(e). *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Likewise, Petitioner's challenge to the Court's alternative merits analysis does not justify

reconsideration. Petitioner's reliance on *Gonzalez-Lopez* and *Randolph* merely reflects his disagreement with the Court's application of those authorities to the facts presented here. The Court applied *Gonzalez-Lopez*, and recognized that that trial courts have wide discretion to balance a defendant's right to counsel with the demands of the court's calendar. (Op. at 20.)

The facts of this case are also distinguishable from *Randolph*, where a Pennsylvania state court proceeded to trial despite the fact the defendant attained the funds to hire private counsel the week before. *Randolph*, 5 F.4th. at 369. The defendant in *Randolph* was represented by attorneys appointed by the court until he raised the funds to hire one himself, whereas here, Petitioner hired privately-retained counsel from the start. (Op. at 4-5.) The state court in *Randolph* denied short continuance requests to give the defendant's newly retained counsel time to prepare for trial, rather than rejecting a request to adjourn trial for three months.[2] (*Id*. at 376; Op. at 5.) The requests in *Randolph* included a continuance request of just three hours so the new attorney could at least attend jury selection, a crucial component of a criminal trial. *Randolph*, 5 F.4th. at 366. The defendant in *Randolph* notified the court of his dissatisfaction with his court-appointed counsel four months before the start of trial. *Id.* at 376. Here, Petitioner waited until after a firm trial date was set to request substitute counsel, after already hiring two lawyers of his choice. (*Id*. at 5.) The factual circumstances of *Randolph* are sufficiently different from this case. Additionally, *Randolph* did not announce new Sixth Amendment jurisprudence that the Court did not consider in its previous Opinion. It simply applies the same Sixth Amendment law the Court discussed in its Opinion to a different set of facts.

As this Court recognized in its Opinion, Petitioner made the choice to proceed to trial

---

[2] The continuance requests in Randolph were one month, "just a few days," and three hours, respectively. *Randolph*, 5 F. 4th at 376.

represented by Michael A. Robbins, Esq. when he could have appealed the Appellate Division's interlocutory decision denying his Sixth Amendment claim. (Op. at 19.) If successful upon appeal to the New Jersey Supreme Court, Petitioner could have possibly retained Thomas Ashley, Esq. as his counsel. (Op. at 6.) Instead, Petitioner proceeded to trial represented by Mr. Robbins because he took the advice of Mr. Ashley to not appeal the Appellate Division ruling due to the fact that it might take considerable time. (*Id.*) The fact that Petitioner came to regret that choice does not mean he did not have a fair opportunity to be represented by counsel of his choice. Petitioner *chose* to proceed to trial with Mr. Robbins, knowing he could have appealed the Appellate Division's decision to the New Jersey Supreme Court. (*Id.*) Petitioner's Rule 59(e) Motion identifies no intervening precedent, overlooked authority, or manifest legal error requiring the Court to revisit that determination. *See Howard Hess Dental Labs., Inc.*, 602 F.3d at 251.

Finally, Petitioner has not demonstrated that amendment of the judgment is necessary to prevent manifest injustice. The Court afforded the parties multiple opportunities to address the exhaustion, procedural default, and merits issues, including through supplemental briefing specifically requested by the Court. (ECF Nos. 24-28.) The Court thoroughly considered those submissions before issuing its November 19, 2025 Opinion and Order. Petitioner's present Motion simply asks the Court to reconsider legal arguments already raised and resolved. Rule 59(e) does not provide such relief.

## IV. CONCLUSION

Petitioner has failed to demonstrate a newly discovered fact, intervening change of law, or identified any clear error that warrants reconsideration of the Court's Opinion. Therefore, the Court must deny his Motion. (ECF No. 37.) Accordingly,

**IT IS** on this **31st** day of **July 2026,**

1. **ORDERED** that Petitioner's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 37) is **DENIED**, and it is further
2. **ORDERED** that the Clerk of the Court is directed to **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**